Sealed
Public and unofficial staff access to this instrument are prohibited by court order

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States Courts
Southern District of Texas
FILED
*July 17, 2024*
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § § § § | |
| v. | CRIMINAL NO. L-24-CR- 810 |
| MINSU FANG a/k/a FERNANDO, Defendant. | DS |

**INDICTMENT**

**INTRODUCTION**

1. MINSU FANG a/k/a FERNANDO, and his co-conspirators, operated as suppliers of precursor chemicals used in the manufacture of fentanyl. FANG and his co-conspirators shipped those chemicals from China to the United States.

2. Manufacturing fentanyl begins with raw chemicals, known as fentanyl precursors. One such fentanyl precursor commonly used to manufacture fentanyl is 1-Boc-4-Piperidone ("1-Boc-4P"), which bears the Chemical Abstracts Service ("CAS") registry number 79099-07-3 and is a List I chemical.

3. CAS registry numbers are unique numerical identifiers used to distinguish between chemical substances. The CAS registry number assigned to a particular chemical substance identifies the chemical substance when there may be multiple common names used to identify that substance.

4. List I chemicals are chemicals designated by the Drug Enforcement Administrator as, in addition to legitimate uses, used in the manufacturing of controlled substances in violation of law.

5. Another common fentanyl precursor used to manufacture fentanyl is (2-bromoethyl) benzene, bears CAS registry number 103-63-9 and is on the DEA Special Surveillance List.

6. The DEA Special Surveillance List identifies laboratory chemicals which are used in the manufacture of controlled substances.

7. FANG and his co-conspirators endeavored to thwart law enforcement interdiction of their precursor chemical shipments by declaring them to have a *de minimis* value, less than $800, and commingling the boxes containing the precursor chemicals with similarly low valued import items. As a result, each of the shipments would be admitted into the United States without a detailed inspection of the individual contents of the shipments. These shipments were conducted by both sea and air.

8. Prior to international shipping, FANG and his co-conspirators would apply a commercial shipping label, i.e. Fed Ex, UPS or other similar commercial shippers, to each box containing the precursor chemicals. The commercial shipping label directed that once the boxes containing the precursor chemicals successfully entered into the United States, the boxes should be shipped to the Southern District of Texas, and elsewhere, to a co-conspirator, who would then arrange for the precursor chemicals to be crossed from the United States into Mexico.

9. From August 2023 to October 2023, around 100 shipments from FANG and his co-conspirators were seized in the Southern District of Texas, containing over 2,000 kilograms, in total, of precursor chemicals.

## Count One
### Conspiracy to Possess with Intent to Distribute a Controlled Substance

10. The allegations contained in paragraphs 1 through 9 of this indictment are incorporated as though fully set forth herein.

11. From at least August of 2023 and continuing through to June 19, 2024, in the Laredo Division of the Southern District of Texas, and elsewhere,

MINSU FANG a/k/a FERNANDO

did knowingly, and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to unlawfully, intentionally, and knowingly distribute and possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled

substance, and 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide.

In violation of Title 21, United States Code, §§ 841(a)(1) and 846.

## Count Two
### Conspiracy to Distribute a Controlled Substance
### For Purpose of Unlawful Importation

12. The allegations contained in paragraphs 1 through 11 of this indictment are incorporated as though fully set forth herein.

13. From at least August of 2023 and continuing through to June 19, 2024, in the Laredo Division of the Southern District of Texas, and elsewhere,

MINSU FANG a/k/a FERNANDO

defendant herein, did knowingly, and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to distribute a listed chemical, to wit, 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, intending or knowing that the listed chemical would be used to manufacture a controlled substance, and intending, knowing or having reasonable cause to believe that the controlled substance will be unlawfully imported into the United States.

In violation of Title 21, United States Code, §§ 959(b), 960 and 963.

## Count Three
### Conspiracy to Import a Controlled Substance

14. The allegations contained in paragraphs 1 through 13 of this indictment are incorporated as though fully set forth herein.

15. From at least August of 2023 and continuing through to June 19, 2024, in the Laredo Division of the Southern District of Texas, and elsewhere,

3

MINSU FANG a/k/a FERNANDO

defendant herein, did knowingly, and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to unlawfully import into the customs territory of the United States from any place outside thereof, any controlled substance, to wit, 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide.

In violation of Title 21, United States Code, §§ 952(a), 960 and 963.

## Count Four
## Conspiracy to Export a Controlled Substance

16. The allegations contained in paragraphs 1 through 15 of this indictment are incorporated as though fully set forth herein.

17. From at least August of 2023 and continuing through to June 19, 2024, in the Laredo Division of the Southern District of Texas, and elsewhere,

MINSU FANG a/k/a FERNANDO

defendant herein, did knowingly, and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to export from the United States to Mexico, a place outside of the United States, 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide.

In violation of Title 21, United States Code, §§ 953, 960 and 963.

ORIGINAL SIGNATURE ON FILE

ALAMDAR S. HAMDANI
United States Attorney

BY: *Richard D. Hanes*
RICHARD D. HANES
Assistant United States Attorney

BY: *Heather Rae Winter*
HEATHER RAE WINTER
Assistant United States Attorney

II.

The United States further requests that the copies, including certified copies of the Indictment and Arrest Warrant(s) be provided to the United States Attorney's Office and the agents of the investigating law enforcement agency, the Drug Enforcement Administration, (DEA), upon their request and without further order of the Court.

                              Respectfully submitted,

                              *Richard D. Hanes*

                              RICHARD D. HANES
                              Assistant United States Attorney
                              (713) 567-9307

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

USA-74-24B
(Rev. 05/01)

LAREDO DIVISION

USAO Number: _____

Magistrate Number: 5:24-MJ-773

**CRIMINAL INDICTMENT**

**CRIMINAL DOCKET**

United States Courts
Southern District of Texas
FILED
*July 17, 2024*
Filed Nathan Ochsner, Clerk of Court

No. L-24-CR- 810

**DS**

Judge: _____

**UNITED STATES of AMERICA**
vs.

MINSU FANG a/k/a FERNANDO, Cts.1-4

**ATTORNEYS:**

Alamdar S. Hamdani, USA       (713) 567-9000

Richard D. Hanes & Heather Rae Winter, AUSAs   (713) 567-9000

|  | Appt'd | Private |
|---|---|---|
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |

**CHARGE:**
(TOTAL)
(COUNTS:)
( 4 )

Ct. 1: Conspiracy to Possess with Intent to Distribute a Controlled Substance. 21 U.S.C. §§ 841(a)(1) and 846

Ct. 2: Conspiracy to Distribute a Controlled Substance For Purpose of Unlawful Importation. 21 U.S.C. §§ 959(b), 960 and 963

Ct. 3: Conspiracy to Import a Controlled Substance. 21 U.S.C. §§ 952(a), 960 and 963

Ct. 4: Conspiracy to Export a Controlled Substance. 21 U.S.C. §§ 953, 960 and 963

**PENALTY:** Cts. 1-4: The maximum statutory penalty is no less than 10 years to life, up to $10,000,000, no less than 5 years supervised release, $100.00 SA.

☐ In Jail
☐ On Bond
☑ No Arrest

**NAME & ADDRESS**
of Surety:

**PROCEEDINGS:**